**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

GENE E. SALOIS,

Plaintiff,

vs.

DR. VIRGINIA HILL, ET AL.,

Defendants.

CV 26-62-M-WWM

ORDER

Plaintiff Gene E. Salois ("Mr. Salois") has filed a 42 U.S.C. § 1983 Amended Complaint for Violation of Civil Rights ("Amended Complaint") related to his placement at Montana's Forensic Mental Health Facility in Galen ("Galen"). (Doc. 7). The Amended Complaint fails to state a claim upon which relief may be granted, and the Court must abstain from hearing it. The Amended Complaint is dismissed.

## I.   STATEMENT OF THE CASE

### A.   Parties

Mr. Salois is proceeding in forma pauperis and pro se. He names, as defendants, several employees at Galen: Dr. Virginia Hill, Cynthia Bauman, William Allen, Ward Clerk Kim, and attorney Craig Fitch. (Doc. 7 at 2).

## B.    Allegations

Mr. Salois asserts, as the basis of this Court's jurisdiction over his claim, that he is an enrolled member of the Little Shell Tribe of Chippewa, and that "it is undisputed that Indian tribes have the power to enforce their criminal laws against tribe members." (Doc. 7 at 3).  This assertion of jurisdiction does not match his ensuing claim of federal law jurisdiction under § 1983.

Plaintiff's claims relate to his treatment at Galen.  (Doc. 7 at 4).  He alleges that he was ordered to Galen by Montana State District Judge Tara J. Elliott, of the Fourth Judicial District, and that he has subsequently been forced to take medication against his religion. *Id.*  He alleges that the acts of each Defendant violated his First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights.

Mr. Salois seeks several forms of injunctive relief, and compensatory and punitive damages.  (Doc. 7 at 4 - 5).

## II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Mr. Salois is proceeding in forma pauperis against governmental defendants, so the Court must review his Amended Complaint under 28 U.S.C. §§ 1915 and 1915A.  Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  A complaint is frivolous if it "lacks an arguable basis either in

2

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## A.    Screening

### 1.    *Younger* Abstention

The claims made by Mr. Salois regarding his detention are currently inappropriate for resolution under § 1983, and the Court must abstain from hearing them. There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal

3

plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds, Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Mr. Salois faces eight criminal charges in DC-32-2025-0000244-IN, *State of Montana vs. Gene Etienne Salois*, in Missoula County.[1] Mr. Salois has been sent to Galen in the course of those proceedings for an evaluation.

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements"

---

[1] The Court takes judicial notice of Plaintiff's Fourth Judicial District criminal proceedings. Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are not subject to dispute if they are "generally known" within the court's jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *Id.*; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

4

are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978, 983–84.

Here, the "threshold elements" of *Younger* are present. First, Mr. Salois seeks an order that would undermine and disrupt the state court's criminal proceeding by interfering with the State's ability to determine whether he is fit to stand trial on his criminal charges. State criminal enforcement actions implicate an important state interest to enforce local and state laws. *See Younger*, 401 U.S. at 43-44. The State has a significant state interest in enforcing the criminal laws of Montana. This Court may not interfere with those interests when the process is ongoing.

Second, Mr. Salois will have an adequate opportunity in state district court to raise any issues that he has regarding his federal rights. "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. "The Supreme Court has been clear that *Younger* abstention is motivated by the need to refrain from granting injunctive relief where a litigant has adequate legal remedies and therefore does not face immediate irreparable injury, and by the 'even more vital consideration' of comity." *Duke v. Gastelo*, 64 F.4th 1088, 1095 (9th Cir.

5

2023).  Mr. Salois is represented in his criminal proceedings by an attorney who is able to protect his federal rights in state court.  Mr. Salois has opportunities within his ongoing criminal proceedings in Montana courts to address any alleged violations of his federal rights.

"*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003).  Here, a determination regarding Plaintiff's claims would have the effect of interfering with the "state courts' ability to enforce constitutional principles and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson*, 381 F.3d at 984.

If all four prongs of the *Younger* test are satisfied, then the Court must abstain from adjudicating Plaintiff's claims.  If abstention is appropriate under *Younger* and the federal plaintiff seeks only injunctive or declaratory relief, the proper procedural remedy is dismissal of the federal action.  *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007).  Accordingly, Plaintiff's Amended Complaint must be dismissed.

2.      Individual Defendants

Notwithstanding the above analysis, Mr. Salois fails to state a claim against any of the individually-named defendants.  A claim under § 1983 requires: "(1) a violation of rights protected by the Constitution or created

6

by federal statute, (2) proximately caused (3) by conduct of a person, and (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (internal quotation marks omitted). Mr. Salois fails to state a claim under this law against the named defendants.

The only factual allegation in the pleading that is directed at an individual is that Defendant Hill has denied his "health, emotional, and diet priorities" "for not taking her pharma sorcery drugs," without further elaboration. (Doc. 7 at 4). These allegations, without more, do not state a plausible claim for relief. As to the other defendants, he has alleged no facts to show how they have violated his rights. Salois fails to state a claim against these other defendants.

## III. CONCLUSION

The Amended Complaint fails to state a claim upon which relief may be granted. Ordinarily, Mr. Salois would be given the opportunity to amend. But in this instance, the Court must abstain from hearing his case under the *Younger* doctrine.

Accordingly, **IT IS HEREBY ORDERED:**

1.    The Amended Complaint is **DISMISSED.**

2.    The Clerk of Court is direct to close this matter.

3.    The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure

that any appeal of this decision would not be taken in good faith.

DATED this 24th day of June, 2026.

_____
WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE